## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **CHICAGO REGIONAL COUNCIL OF CARPENTERS; UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA; JESUS HEURTA; IGNACIO CASTILLO; and BULLEY & ANDREWS, LLC,** | |
| Plaintiffs, | **Case No. 08 C 4636** |
| v. | Hon. Harry D. Leinenweber |
| **JOSEPH J. SCIAMANNA, INC.; JOSEPH J. SCIAMANNA; DOMINGO CASTILLO; STEEL-N-SQUARE, INC.; and ARCHIE BOYD,** | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Dismiss filed by Defendants Joseph J. Sciamanna and Joseph J. Sciamanna, Inc. (hereinafter, the "Sciamanna Defendants" or "Mr. Sciamanna" and "Sciamanna, Inc.", respectively). For the reasons given below, Defendants' Motion to Dismiss is **granted**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On June 18, 2008, Plaintiffs filed a Complaint against the Sciamanna Defendants and three other defendants in Illinois State Court, alleging that Defendants violated the Illinois Employee Classification Act, 820 ILCS § 185, *et seq*., (hereinafter. "the Illinois ECA") in regard to their activities as subcontractors for

the same general contractor at construction sites in Warrenville, Illinois and Schaumburg, Illinois. On August 14, 2008, the Sciamanna Defendants removed this case pursuant to 28 U.S.C. §§ 1441 and 1446 on the basis of original jurisdiction.

In their Complaint, Plaintiffs, a union, two members of the union, and an Illinois limited liability company, pursue a private right of action under the Illinois ECA (820 ILCS § 185/60). Specifically, Plaintiffs allege that:

- Mr. Sciamanna conducts business in Illinois under the name "Joseph J. Sciamanna, Inc., a Michigan corporation." Mr. Sciamanna failed to register Sciamanna, Inc., with the Illinois Secretary of State to transact business as a foreign corporation as required by the Illinois Business Corporation Act of 1983. Compl. ¶ 5.

- During the month of April 2008, the Sciamanna Defendants were engaged as construction subcontractors working for general contractor, Shiel Sexton, in both Schaumburg and Warrenville. Plaintiffs assert that both Sciamanna Defendants fall within the Illinois ECA's definition of "contractors." *Id.* at ¶¶ 12, 18-19.

- The Sciamanna Defendants violated Section 15 of the Illinois ECA (820 ILCS § 185/15) by failing to post a summary of the requirements of the Illinois ECA at both job sites. *Id.* at ¶¶ 21-22 (Count I).

- The Sciamanna Defendants violated Section 20 of the Illinois ECA (820 ILCS § 185/20) by misclassifying Plaintiffs Jesus Heurta and Ignacio Castillo as "employees" instead of "independent contractors." *Id.* at ¶¶ 24-37 (Count II).

In their Motion to Dismiss, Defendants first argue that the Complaint fails to state a claim against Mr. Sciamanna because the Illinois ECA does not provide a private cause of action against an individual officer or director of a corporation. Second, Defendants argue that the Complaint fails to state a claim against Sciamanna, Inc., because another related entity was the subcontractor on the sites referenced in the Complaint.

## II. **STANDARD OF REVIEW**

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in a light favorable to the plaintiff. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007). "A complaint must always, . . . allege 'enough facts to state a claim to relief that is plausible on its face,' " *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir., 2008) (quoting *Bell Atlantic*, 127 S.Ct. at 1974). To avoid dismissal, the "allegations must plausibly suggest that the defendant has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir., 2007) (citing *Bell Atlantic*, 127 S. Ct. at 1965).

## III. **DISCUSSION**

### A. Claims against Defendant Mr. Sciamanna

Defendants move to dismiss Mr. Sciamanna from this case for failure to state a claim because individual directors and officers cannot be personally liable for the actions of the corporation under the Illinois ECA. Defendants argue that Plaintiffs' purported basis, *i.e.,* that Sciamanna, Inc., is a foreign corporation that Mr. Sciamanna did not register to do business in Illinois, is an insufficient basis to subject him to personal liability as an individual officer for actions of the corporation. *See* Defs' Mot. ¶¶ 5-7. Plaintiffs respond by pointing to the intent of the Illinois legislature, as evidenced by quotes from the floor debate, that the Illinois ECA was intended to "punish the business owner" who illegally misclassifies employees. *See* Pls' Resp. at 2-3; Ex. A to Pls' Resp. Plaintiffs also claim that Mr. Sciamanna was personally involved in the willful misclassification of employees, and thus is not shielded from liability as a corporate officer. *See* Pls' Resp. at 6-10. Finally, Plaintiffs argue that they seek equitable relief which cannot be complete without the Court having personal authority over Mr. Sciamanna.

In general, Illinois courts have held that personal liability for a corporation's actions cannot be imposed on a person merely because he is a corporate officer, shareholder, or incorporator. *Musikiwamba v. ESSI, Inc.*, 760 F.2d 740, 753 (7th Cir., 1985);

*National Acceptance Co. of America v. Pintura Corp.*, 418 N.E.2d 1114, 1116-17 (Ill.App.Ct., 1981). The fact that, through the error of an individual officer, a foreign corporation fails to comply with technical rules of filing is not sufficient reason to ignore the corporate entity and charge the individual. *See McAteer v. Menzel Bldg. Co., Inc.*, 300 N.E.2d 583, 587-588 (Ill.App.Ct., 1973); *Idrograndi Rubinetterie, S.p.A. v. Hico-Flex Brass Co., Inc.*, No. 90 C 256, 1990 WL 172581, *5 (N.D.Ill., Oct. 29, 1990). Officers may be personally liable, however, if they are alleged to have engaged in self-dealing, fraud, or the illegal acts giving rise to the corporation's liability. *Musikiwamba,* 760 F.2d at 753; *National Acceptance Co. of America*, 418 N.E.2d at 1116-17. Corporate entities may also be disregarded to prevent an obstacle to the protection of private rights and where the corporation is merely the alter ego of a dominating personality. *Webb v. Webb*, 536 N.E.2d 206, 208 (N.D.Ill., 1989).

The case at hand involves only statutory claims brought under the Illinois ECA. By its clear and unambiguous text, the Illinois ECA does not provide for personal liability against a corporate officer or director. Section 60 of the Illinois ECA provides a private cause of action against "an employer or entity." *See* 820 ILCS § 185/60(a). Section 5 of the Illinois ECA defines "employer" and "entity" as limited to "contractors" and defines a "contractor" as "any sole proprietor, partnership, firm, corporation, limited

liability company, association, or other legal entity permitted by law to do business within the State of Illinois who engages in construction as defined in this Act." 820 ILCS § 185/5.  The Court has identified no cases in which a court has held that an individual officer can be held personally liable under the Illinois ECA.  Consequently, the Court agrees with Defendants that the Illinois ECA does not provide a private cause of action against an individual.

The only basis offered in Plaintiffs' Complaint for holding Mr. Sciamanna personally liable is his failure to register Sciamanna, Inc. with the Illinois Secretary of State.  On its face, the Complaint alleges no fraud, self-dealing, or alternative theory.  Plaintiffs assert only causes of action under the Illinois ECA, no common law or other statutory claims.  The Court agrees with Defendants that the Illinois ECA does not impose personal liability upon individual officers or directors of a corporation, and Plaintiffs have not persuaded the Court that the corporate veil must be pierced.  Thus, the Court dismisses Mr. Sciamanna from this case with prejudice.

### B.  Claims Against Defendant Sciamanna, Inc.

Defendants argue that the claims against Defendant Sciamanna, Inc., should be dismissed because it is not a proper party in this case.  *See* Defs' Mot. ¶¶ 8-10.  Defendants assert that the subcontract agreements at issue in this case were between general

contractor Shiel Sexton and subcontractor Sciamanna Group East, LLC ("Sciamanna, LLC"), not Sciamanna, Inc. *See* Ex. A to Defs' Reply. Defendants tendered these subcontract agreements, both dated April 2, 2008, along with a signed Declaration of Mr. Sciamanna, to the Court as Exhibit A to their Reply. In the Declaration, under the penalty of perjury, Mr. Sciamanna attests to the validity of the subcontract agreements and declares that these agreements are the ones referred to in Paragraphs 18 and 19 of the Complaint. *Id.* Mr. Sciamanna declares that there are no other contracts between Sciamanna, LLC, and Shiel Sexton <u>or</u> Sciamanna, Inc., and Shiel Sexton. *Id.*

Plaintiffs contend that the subcontract agreements submitted to the Court are a blatant deception and that Sciamanna, Inc., was the actual subcontractor notwithstanding the fact that Sciamanna, Inc., is not named in either of the subcontracts. *See* Pls' Resp. at 5-6. To support this assertion, Plaintiffs claim to have copies of checks issued by Sciamanna, Inc. to Plaintiffs Heurta and Castillo as well as an independent contractor's agreement which Sciamanna, Inc. required Heurta and Castillo to sign. Plaintiffs also argue that the Court has no authority to consider the subcontract agreements, which were attached as Exhibit A to Defendant's Reply, in determining whether to dismiss this case under Rule 12(b)(6).

In ruling on a motion to dismiss under Rule 12(b)(6), a court can consider documents attached to a motion to dismiss that are referred to in the complaint and are central to the plaintiff's claim. *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir., 2006); *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661-62 (7th Cir., 2002). Here, the contracts and the Declaration attached to Defendants' Reply clearly are central evidence of the existence or non-existence of a contractor-subcontractor relationship alleged in Paragraphs 18 and 19 of the Complaint. Thus, the Court can consider each document.

As sworn to in the Declaration by Mr. Sciamanna, Sciamanna, Inc., is not listed as a subcontractor on either of the Subcontract Agreements. Both Subcontract Agreements list "Sciamanna Group East, LLC," as the subcontractor to general contractor Shiel Sexton Company. The Court accepts as true Mr. Sciamanna's sworn declaration that no other contracts exist between Shiel Sexton and Sciamanna, Inc. Therefore, because Plaintiffs' statutory claims against Sciamanna, Inc., rest solely on its purported role as a subcontractor to Shiel Sexton, and the Complaint alleges no other theory of recovery against Sciamanna, Inc., the Court has determined that Sciamanna, Inc., is not a proper party in this case. If, as Plaintiffs claim, evidence of fraud or an alter ego theory exists, Plaintiffs can amend their Complaint. Likewise, Plaintiffs are free to amend their Complaint to state a claim

against Sciamanna, LLC. At this time, however, the Court dismisses Defendant Sciamanna, Inc., without prejudice.

### IV. CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss is **granted**. Defendant Joseph J. Sciamanna is dismissed with prejudice. Defendant Joseph J. Sciamanna, Inc. is dismissed without prejudice.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　　　United States District Court

**DATE:** October 23, 2008