```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION
```

| | |
|---|---|
| **CHICAGO REGIONAL COUNCIL OF CARPENTERS; UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA**, a voluntary association; **JESUS HEURTA**; and **IGNACIO CASTILLO, LLC**, <br><br>    Plaintiffs, <br><br>  v. <br><br> **JOSEPH J. SCIAMANNA, INC.**, a Michigan Corporation; **SCIAMANNA GROUP EAST, LLC**, a Michigan Limited Liability Company; **DOMINGO CASTILLO**, d/b/a Domingo Drywall and Bankston Enterprises. LLC, a Mississippi Limited Liability Company, <br><br>    Defendants. | Case No. 08 C 4636 <br><br> Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint pursuant to Federal Rules of Civil Procedure 11(a), 12(b)(2), 12(b)(5), and 12(b)(6). For the following reasons, the Motion is **granted in part and denied in part**.

### I.  BACKGROUND

On June 18, 2008, Plaintiffs Chicago Regional Council of Carpenters, Jesus Huerta, and Ignacio Castillo filed a Complaint in the Circuit Court of Cook County against Defendants Joseph J.

Sciamanna, Inc. ("Sciamanna Inc."), Joseph J. Sciamanna ("Mr. Sciamanna"), and other defendants. The Complaint alleged that Defendants misclassified their employees as independent contractors in violation of the Illinois Employee Classification Act, 820 ILCS 185/1, *et seq*. (the "Illinois ECA"). Plaintiffs sought declaratory, equitable, and monetary relief.

Defendants Sciamanna Inc. and Mr. Sciamanna removed the case to this Court based on diversity jurisdiction. Defendants then moved to dismiss on the basis that: (1) the Illinois ECA does not provide a private cause of action against Mr. Sciamanna as an individual, and (2) Sciamanna Inc. was not a proper party because the contracts at issue were with an affiliated company, Sciamanna Group East, LLC ("Sciamanna LLC"). On October 23, 2008, the Court granted the motion to dismiss as to Mr. Sciamanna with prejudice and as to Sciamanna Inc. without prejudice. *Chicago Reg. Council of Carpenters v. Joseph J. Sciamanna*, *Inc.*, No. 08 C 4636, 2008 WL 4696162 (N.D.Ill., Oct. 23, 2008). The Court granted Plaintiffs leave to amend the Complaint to state a claim against Sciamanna LLC and to allege a claim against Sciamanna Inc. based on a theory of fraud or alter ego if such evidence existed. *Id.*

On November 7, 2008, Plaintiffs filed a Second Amended Complaint, essentially raising the same allegations, but now naming Sciamanna Inc. and Sciamanna LLC as alter egos. On December 12, 2008, Defendants Sciamanna Inc. and Sciamanna LLC filed a motion to dismiss: (1) Defendant Sciamanna Inc. for lack of personal

jurisdiction and failure to state a claim for alter ego liability; (2) Defendant Sciamanna LLC for inadequate service of process; (3) Plaintiff Carpenters Union for failure to state a claim under the Illinois ECA; and (4) Plaintiffs Huerta and Castillo for failure to comply with Federal Rule of Civil Procedure 11(a).

### III. ANALYSIS

#### A. Defendant Sciamanna Inc.

Defendants first argue that Sciamanna Inc. should be dismissed for lack of personal jurisdiction pursuant to Rule 12(b)(2) because Plaintiffs have failed to allege sufficiently their alter ego theory, the only basis for asserting personal jurisdiction against Sciamanna Inc. Alternatively, Defendants contend that the claims against Sciamanna Inc. should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim based on the alter ego theory. The Court first considers the motion to dismiss for lack of personal jurisdiction. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 93-102 (1998). If the Court determines that it lacks jurisdiction over Sciamanna Inc., it will become unnecessary to consider the motion to dismiss for failure to state a claim.

##### *1. Personal Jurisdiction*

An action against a party over whom the Court lacks personal jurisdiction must be dismissed. FED. R. CIV. P. 12(b)(2). A complaint need not include facts alleging personal jurisdiction.

*Steel Warehouse of Wisconsin, Inc. v. Leach*, 154 F.3d 712, 715 (7th Cir., 1998). However, once a defendant moves to dismiss the complaint under Rule 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of establishing the existence of jurisdiction. *See Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir., 2003). If the defendant submits affidavits or other evidence opposing the exercise of jurisdiction, "the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Id.* "The Court resolves factual disputes in the pleadings and affidavits in favor of the party asserting jurisdiction, but takes as true those facts contained in the defendant's affidavits that remain unrefuted by the plaintiff." *C.S.B. Commodities, Inc. v. Urban Trend (HK) Ltd.*, No. 08 C 1548, 2009 WL 57455, *3 (N.D.Ill., Jan. 7, 2009).

Plaintiffs' asserted basis for personal jurisdiction over Sciamanna Inc. is that it is the alter ego of Sciamanna LLC, the entity that conducts business in Illinois and purportedly executed contracts with Plaintiffs Huerta and Castillo. Since this Court has personal jurisdiction over Sciamanna LLC, if these two entities are alter egos, then the Court also would have personal jurisdiction over Sciamanna Inc. *See Minnesota Mining & Mfg. Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1265 (Fed.Cir., 1985); *see also American Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 591 (9th Cir., 1996).

"Under Illinois law, a corporation is a legal entity separate and distinct from its shareholders, directors and officers, and, generally, from other corporations with which it may be affiliated." *Van Dorn Co. v. Future Chemical and Oil Corp.*, 753 F.2d 565, 569 (7th Cir., 1985). A court may disregard the separate corporate entity, however, if it determines that two corporations are so interconnected in interest and ownership that the separate corporations no longer exist and that recognition of the separate existence would promote fraud or injustice. *Id.* at 570. To determine whether one corporation maintains the requisite degree of control over another to justify an alter ego finding, a court may consider several factors, including the failure to maintain adequate corporate records or to comply with corporate formalities, the commingling of funds or assets, undercapitalization, and whether one entity treats the assets of the other as its own. *Id.* Courts may also consider whether the two entities have "substantially identical management, business purpose, operation, equipment, customers, supervision, and ownership." *See International Union of Operating Engineers, Local 150, AFL-CIO v. Rabine*, 161 F.3d 427, 433 (7th Cir., 1998).

In their Second Amended Complaint, Plaintiffs allege that an alter ego relationship existed between Sciamanna Inc. and Sciamanna LLC for five reasons: (1) common ownership; (2) Sciamanna Inc. acted on behalf of Sciamanna LLC in the employment of labor; (3) Sciamanna Inc. hired and paid Plaintiffs Huerta and Castillo for a

job held by Sciamanna LLC; (4) Sciamanna Inc. required Plaintiffs Huerta and Castillo to execute papers representing that Sciamanna Inc. was the contractor at the subject job sites where Sciamanna LLC held the subcontract; and (5) Sciamanna Inc. used its assumed name, "Sciamanna Group," to verify documents it required Plaintiffs Huerta and Castillo to execute. *See* 2d Am. Compl. ¶¶ 10-14. To support these allegations, Plaintiffs attached checks paid by Sciamanna Inc. to Plaintiffs Huerta and Castillo, independent contractor agreements executed by Sciamanna Inc., and later agreements executed by Sciamanna LLC. *See* 2d Am. Compl. Exs. E-N.

In their Motion, Defendants argue that Plaintiffs failed to provide evidence of alter ego theory sufficient to substantiate personal jurisdiction over Sciamanna Inc. Defendants also contend that the declaration of Mr. Sciamanna, the President and sole principal of both Sciamanna Inc. and Sciamanna LLC, affirmatively controverts any basis for an alter ego finding. The Court will consider the declaration only for purposes of contesting the Rule 12(b)(2) motion and not for Rule 12(b)(6) purposes. *See C.S.B. Commodities,* 2009 WL 57455, at *2 n.1.

In his declaration, Mr. Sciamanna testified that each entity observed all corporate formalities and conducted its affairs separate from the other: Sciamanna Inc. and Sciamanna LLC file separate reports with the state, execute their own contracts, maintain their own minutes and records, and are governed by separate articles of organization. *See* Sciamanna Decl. ¶ 2.

Sciamanna Inc., which uses the assumed name "Sciamanna Group," works primarily in Michigan and has never executed a contract to perform work in Illinois. *Id.* at ¶¶ 4, 6. In contrast, Sciamanna LLC conducts business in Illinois and hired its own manager for the Illinois projects, who in turn, subcontracted certain work to Plaintiffs Huerta and Castillo. *Id.* at ¶¶ 5-7. Mr. Sciamanna testified that neither its manager nor Plaintiffs have ever performed work for Sciamanna Inc. *Id.* at ¶ 7.

In order to establish its alter ego theory, Plaintiffs first have alleged that Sciamanna Inc. and Sciamanna LLC are commonly owned and use a shared, assumed name. Common ownership alone is relevant but insufficient alone to the piercing of the corporate veil. *See Hystro Products, Inc. v. MNP Corp.*, 18 F.3d 1384, 1389 (7th Cir., 1994). Second, Plaintiffs have demonstrated that Sciamanna Inc., rather than Sciamanna LLC, purportedly hired and paid Plaintiffs Huerta and Castillo from its account. *See* 2d Am. Compl. Exs. E, H. According to Mr. Sciamanna, because Sciamanna LLC is a relatively new entity, Sciamanna Inc. handles a variety of administrative and bookkeeping functions for Sciamanna LLC, such as processing invoices, accounts, and check payments, including making payments to Plaintiffs Huerta and Castillo. *See* Sciamanna Decl. ¶¶ 9-10. Although such payments were drawn from Sciamanna Inc.'s account, Mr. Sciamanna testified that the costs were charged to Sciamanna LLC, and the entities maintain separate records recording all of these transactions. *See id.* Finally, Plaintiffs have

provided evidence that Plaintiffs Huerta and Castillo were required to sign independent contractor agreements with Sciamanna Inc. in May 2008, and later, in June 2008, they were required to sign and backdate new contracts with Sciamanna LLC. *See* 2d Am. Compl. Exs. F, I, K, N. In regards to this allegation, Mr. Sciamanna explained that Plaintiffs were provided the wrong documents by accident, and that when this mistake was discovered, Plaintiffs were asked to sign new contracts. *See* Sciamanna Decl. ¶ 11.

The Court finds that Plaintiffs have met their burden of showing a plausible alter ego relationship between Sciamanna Inc. and Sciamanna LLC necessary for a finding that this Court has personal jurisdiction over Sciamanna Inc. After reviewing the pleadings, declaration, and other materials and viewing factual conflicts in the light most favorable to Plaintiffs, *see C.S.B. Commodities,* 2009 WL 57455, at *3, the Court finds that Plaintiff has put forth evidence of misrepresentation. Most important to this finding are questions of fact related to the hiring and payment of workers by Sciamanna Inc. as well questions regarding the independent contractor agreements that Plaintiffs Huerta and Castillo allegedly were required to execute first with Sciamanna Inc. and later with Sciamanna LLC. The Court holds, therefore, that based on the evidence before it at this time, Plaintiff has met its burden of presenting sufficient evidence to support a finding that Sciamanna Inc. was an alter ego of Sciamanna LLC and is subject to personal jurisdiction in Illinois.

### *2. Failure to State a Claim*

Next, the Court considers Defendants' argument that Plaintiffs have failed to state a claim for alter ego liability pursuant to Rule 12(b)(6). On a Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded allegations in the complaint as true, and views the allegations in the light most favorable to plaintiff, drawing all reasonable inferences in plaintiff's favor. "A complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). To avoid dismissal, the complaint must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level." *Id.* at 1965.

As discussed in greater detail above, the Court finds that Plaintiffs have stated a plausible claim that Sciamanna Inc. acted as the alter ego of Sciamanna LLC. Although courts are "reluctant to pierce the corporate veil," courts will do so "when the corporations are so interconnected in interest and ownership that the separate corporations no longer exist and recognition of the separate existence would promote fraud or injustice." *Fomusa v. Permian Petroleum Co.*, No. 96 C 50410, 1997 WL 792983, *3 (N.D.Ill., Dec. 16, 1997) (citing *Lumpkin v. Envirodyne Industries, Inc.*, 933 F.2d 449, 462 (7th Cir., 1991)). Proof of misrepresentation is one way to demonstrate interconnectedness for alter ego purposes. *See id.*

In this case, Plaintiffs have alleged and have put forth evidence of misrepresentation on behalf of Sciamanna LLC and Sciamanna Inc. *See infra.* Notably, Plaintiffs have shown that Sciamanna Inc. hired and paid Plaintiffs Huerta and Castillo and required them to execute independent contractor agreements, only later to demand that Plaintiffs sign and backdate new contracts with Sciamanna LLC. *See* 2d Am. Compl. at ¶¶ 10-14. At this stage, based on the liberal pleading standard, *see Bell Atlantic Corp.*, 127 S.Ct. at 1965, the Court finds that Plaintiffs have stated a plausible claim for relief against Sciamanna Inc. based on an alter ego theory. The Court, therefore, denies the motion to dismiss Defendant Sciamanna Inc.

### B. Defendant Sciamanna LLC

Defendants contend that Sciamanna LLC should be dismissed from this case pursuant to Rule 12(b)(5) because Plaintiffs failed to serve Sciamanna LLC as required by Federal Rule of Civil Procedure 4. After Defendants' motion was filed, Plaintiffs (1) retained a process server who served Mr. Sciamanna's 14-year-old daughter at his personal residence in Michigan on January 8, 2009; (2) showed Mr. Sciamanna the summons for Sciamanna LLC during his deposition on March 13, 2009; and (3) served the Illinois Secretary of State on April 8, 2009, pursuant to 805 ILCS 180/1-50. Based on these efforts and Sciamanna LLC's failure to move to quash the return of service filed on January 13, 2009, Plaintiffs argue that it has effectively served process upon Sciamanna LLC. Defendants

maintain, however, that Plaintiffs' first two attempts were ineffective means of service and that service on the Illinois Secretary of State would have been effective except it was filed outside of the 120-day time limit.

Federal Rule of Civil Procedure 4 requires service of the summons and complaint upon a defendant within 120 days after the complaint is filed. FED. R. CIV. P. 4(c), 4(m). Service may be made by delivering a copy of the summons and complaint to the individual personally, by leaving copies at the individual's personal residence "with someone of suitable age and discretion who resides there," or by delivering copies to an authorized agent. FED. R. CIV. P. 4(e). Under Illinois law, process on a limited liability company must be served upon the company's registered agent or upon the Illinois Secretary of State if the company does not have a registered agent in the State. *See* 805 ILCS 180/1-50. If a defendant is not served within the 120-day time frame, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). If, however, "the plaintiff shows good cause for the failure, the court must extend the time of service for an appropriate period." *Id.*

Plaintiffs filed their Second Amended Complaint, adding Sciamanna LLC as a defendant in this case, on November 7, 2008, and the Court issued a summons for Sciamanna LLC on December 30, 2008. Sciamanna LLC, a Michigan entity, was not registered to do business

in Illinois and did not have a designated agent in Illinois at the time service was attempted. Although Mr. Sciamanna is President of Sciamanna LLC, Sciamanna LLC, not Mr. Sciamanna individually, was the defendant upon which service was attempted. Plaintiffs, therefore, were required to comply with the service requirements for a limited liability company in Illinois. Serving Mr. Sciamanna at his home, filing the return of summons electronically with the Clerk of the Court, and showing Mr. Sciamanna the summons at his deposition clearly gave Mr. Sciamanna notice of the claims against Sciamanna LLC; however, these efforts do not comply with the Illinois statute. *See* 805 ILCS 180/1-50. Furthermore, service upon the Illinois Secretary of State on April 8, 2009, fell outside the 120-day deadline. *See* FED. R. CIV. P. 4(m).

The Court is persuaded that Plaintiffs have been reasonably diligent in attempting to serve process upon Sciamanna LLC and that, as the President of Sciamanna LLC, Mr. Sciamanna had notice of the claims asserted in the Second Amended Complaint. However, because Sciamanna LLC was not served within the time allotted by Rule 4(m), the Court will dismiss the action against Sciamanna LLC without prejudice. *See id.* As the Plaintiffs have demonstrated good cause for their failure to serve Sciamanna LLC in a timely manner, the Court extends the service deadline for an additional 120 days.

### C. Plaintiff Carpenters Union

Next, Defendants argue that the Court should strike Plaintiff Carpenters Union from the case because the Second Amended Complaint fails to state a claim by Carpenters Union as an "interested party" under the Illinois ECA.

The Illinois ECA, which became effective on January 1, 2008, was enacted "to address the practice of misclassifying employees as independent contractors." 820 ILCS 185/3. The statute creates a rebuttable presumption of employee status for workers in the construction industry, *see* 820 ILCS 185/10, and provides remedies for violations of its provisions, including monetary relief and attorneys' fees and costs, for aggrieved individuals and "interested part[ies]." *See* 820 ILCS 185/40; 820 ILCS 185/60. The Illinois ECA broadly defines an "interested party" as "a person with an interest in compliance with the Act." 820 ILCS 185/5.

Two sections of the Illinois ECA relate to the remedies available to an "interested party." First, Section 60 provides for the following private right of action:

> (a) *An interested party or person aggrieved by a violation of this Act* . . . by an employer or entity may file suit in circuit court . . . without regard to exhaustion of any alternative administrative remedies provided in this Act. *Actions may be brought by one or more persons for an on behalf of themselves and other persons similarly situated.* A person whose rights have been violated under this Act by an employer or entity is entitled to collect:

- 13 -

> (1) the amount of wages, salary, employment benefits, or other compensation denied or lost to the person by reason of the violation, plus an equal amount in liquidated damages;
>
> (2) compensatory damages and an amount up to $500 for each violation of this Act or any rule adopted under this Act;
>
> (3) in the case of unlawful retaliation, all legal or equitable relief as may be appropriate; and
>
> (4) attorney's fees and costs.

820 ILCS 185/60(a) (emphasis added).

Section 40 of the Illinois ECA also provides a cause of action for an "interested party." *See* 820 ILCS 185/40. Under this section, the Director of the Illinois Department of Labor is authorized to impose a civil penalty of up to $2,500 per violation. *Id.* The amount of the penalty may be recovered in a civil action filed by the Director of Labor or by a "person aggrieved by a violation" of the Illinois ECA. *Id.* Additionally, an "interested party" can bring a civil action under Section 40 and recover ten percent of the amount of the penalty, *id.*, "essentially a bounty for pursuing violators." *See* Markus May, *Beware of the Illinois Employee Classification Act*, 20 DCBA 20 (May 2008).

Here, Plaintiff Carpenters Union, a voluntary association that represents employees in the construction industry, alleges that it is an "interested party" within the meaning of the Illinois ECA because it "has an economic interest in requiring employers to comply with the Act" and represents its members who perform

services for construction contractors, including Plaintiffs Huerta and Castillo. *See* 2d Am. Compl. ¶¶ 5-6, 17-18. The Carpenters Union seeks monetary relief for alleged violations of the Illinois ECA and attorneys' fees and costs pursuant to Sections 60(a)(2) and 60(a)(4), specifically $500 per day for each day that the ECA was violated with respect to Plaintiffs Huerta and Castillo and $500 per day for each day that the ECA was violated with respect to failure to post notices at both the Schaumburg and Warrenville job sites. *See id.* at Counts III, VI, VII. The Carpenters Union also seeks a declaration that Defendants violated the Illinois ECA in respect to Plaintiffs Huerta and Castillo and a declaration that it is an "interested party" under Sections 5 and 60 of the Illinois ECA. *See id.*

Defendants argue that the Illinois ECA limits an interested party's recovery to that outlined in Section 40, namely the "bounty" for enforcing a penalty determined by the Director of Labor. *See* 820 ILCS 185/40. According to Defendants, the Illinois ECA expressly limits recovery of monetary relief and attorney's fees under Section 60 to aggrieved parties. *See* 820 ILCS 185/60 ("A person whose rights have been violated under this Act . . . is entitled to collect . . . "). Thus, Defendants argue that because the Carpenters Union did not seek to recover under Section 40 but rather under Section 60, it fails to state a claim for relief under the Illinois ECA. Defendants also contend that the Illinois ECA does not confer upon the Court the authority to declare that the

Carpenters Union constitutes an "interested party" under the Illinois ECA.

In response, Plaintiffs maintain that their claim for relief under Section 60 of the Illinois ECA is proper. Plaintiffs argue that the statutory language of this remedial statute is vague, and they point out that this is a case of first impression interpreting the statute's provisions. Additionally, Plaintiffs argue that the Carpenter Union should not be dismissed even if it sought "the wrong monetary relief" under the Illinois ECA because the Carpenters Union has "a legitimate basis to some kind of relief" under Section 40, and the Defendants have been provided fair notice of the Carpenter Union's claim.

Viewing the Second Amended Complaint in the light most favorable to Plaintiffs, the Court finds that the Carpenters Union has stated a plausible claim as an "interested party" under the Illinois ECA and that there is more than a "speculative" possibility that it has a right to relief under Section 60. *Bell Atlantic Corp.*, 127 S.Ct. at 1974, 1965. The Carpenters Union, of which both Plaintiffs Huerta and Castillo are members, clearly falls within the broad definition of "interested party." *See* 820 ILCS 185/5. Section 60 of the Act indicates that "interested parties," such as labor unions, have a right to bring a civil suit to remedy an alleged violation of the Act. *See* 820 ILCS 185/60. The Court refrains, at this time, from determining the recovery available, if any, to the Carpenters Union under Section 60.

Defendants' motion to dismiss Plaintiff Carpenters Union, therefore, is denied.

### D. Plaintiffs Huerta and Castillo

In their Motion, Defendants initially argued that Plaintiffs Huerta and Castillo should be dismissed for failure to sign the successive pleadings in this case as required by Rule 11(a). In their Reply, Defendants conceded that this problem was cured by Plaintiffs' filing of a Corrected Second Amended Complaint on January 14, 2009, which includes the signatures of both Huerta and Castillo. *See* Defs.' Reply at 4 n.1. Consequently, the Court denies the motion to dismiss these plaintiffs.

### III. CONCLUSION

For the reasons stated herein, the Court grants the Motion to Dismiss Defendant Sciamanna LLC without prejudice, and denies the Motion to Dismiss Defendant Sciamanna Inc., Plaintiff Carpenters Union, Plaintiff Huerta, and Plaintiff Castillo.

**IT IS SO ORDERED.**

                                                    Harry D. Leinenweber, Judge
                                                    United States District Court

**DATE:** 6/3/2009